STATE OF WEST VIRGINIA

*In re* **J.W. and N.W.**

**No. 19-0045** (Kanawha County 18-JA-396 and 18-JA-397)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.S., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's December 4, 2018, order terminating her parental rights to J.W. and N.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Elizabeth G. Kavitz, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances while pregnant. According to the DHHR, petitioner admitted to using methamphetamine and unprescribed Subutex during her pregnancy with J.W., and she tested positive for these substances during two of her prenatal care appointments. The DHHR also alleged that petitioner's first child, N.W., was born in December of 2016 with methamphetamine, Subutex, and marijuana in her system. The DHHR noted that, following N.W.'s birth, petitioner participated in drug screening and outpatient care at a methadone clinic and that services ended after one year. Petitioner waived her right to a preliminary hearing.

The circuit court held an adjudicatory hearing in August of 2018. Petitioner did not appear, but was represented by counsel. The DHHR presented evidence consistent with allegations in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the petition. The circuit court adjudicated the children as abused children and petitioner as an abusing parent. In September of 2018, petitioner moved for a post-adjudicatory improvement period.

The circuit court held the final dispositional hearing in November of 2018. The DHHR presented evidence that petitioner continued to use controlled substances during the proceedings. The DHHR case worker remarked that petitioner tested positive for methamphetamine at "one of the highest levels" she had received. The worker also testified that petitioner entered into an inpatient drug treatment program, but left after a few days. The worker testified that she reemphasized the importance of substance abuse treatment to petitioner after a multidisciplinary team meeting in early November of 2018, but petitioner had not submitted to any treatment. Finally, the worker testified that petitioner was inconsistent with services and ceased participation in drug screens in late October of 2018. Petitioner testified and admitted that she tested positive on every drug screen taken during the proceedings. Also, petitioner admitted that she was encouraged to seek substance abuse treatment in September of 2018, but she did not seek treatment at that time. Petitioner acknowledged that, because of her continued substance abuse, she had not visited the children since the petition was filed.

Ultimately, the circuit court found that petitioner's substance abuse prevented her from appropriately parenting the children and she was not compliant with services provided by the DHHR. Further, although the circuit court did not rule on petitioner's motion for an improvement period, it found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights by its December 4, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

On appeal, petitioner argues that the circuit court erred by terminating her parental rights without first granting her an improvement period. Petitioner asserts that the children were in a safe environment and would not have been harmed if the circuit court had granted her additional time to improve. We disagree and find petitioner is entitled to no relief. Although petitioner acknowledges that "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period,'" she fails to recognize that she did not present clear and convincing evidence that she was likely to participate in an improvement period. *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Rather, the evidence showed that petitioner inconsistently participated in services and continued to abuse controlled substances throughout the proceedings. This evidence supports a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

In this case, petitioner did not follow through with reasonable services provided by the DHHR that would have reduced or prevented the abuse or neglect to the children. Petitioner failed to complete any substance abuse treatment, continued to abuse controlled substances, and ceased participation in services a month prior to the final dispositional hearing. More concerning, petitioner's failure to participate in drug screening and her ongoing substance abuse prevented her from visiting with the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Petitioner's failure to maintain sobriety long enough to visit with her children weighs heavily against her likelihood of success in an improvement period.

Moreover, petitioner was provided services for approximately twelve months in 2017 after her first child was born drug exposed. Yet, petitioner's second child, born only eighteen months after the first, was also drug exposed.

3

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. As we have previously recognized, these children, both under the age of three, are subject to heightened risk, and petitioner failed to maintain sobriety after the DHHR's interventions. Therefore, the record supports a finding that termination of petitioner's parental rights was necessary for the children's welfare due to petitioner's failure to respond to services. Finally, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court's findings are supported by the record and are sufficient to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 4, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison